IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

AFFILIATED ENGINEERS METRO D.C., INC. )
12300 Twinbrook Parkway, Suite 600 )
Rockville, MD 20852 )
)
)
*Plaintiff*, )
)
) Civil Action No. _____
)
) COMPLAINT FOR DECLARATORY
) RELIEF AND REVIEW OF
v. ) AGENCY ACTION
) UNDER THE ADMINISTRATIVE
) PROCEDURE ACT
)
Kathy A. BARAN, in her Official Capacity, )
Director, California Service Center, )
U.S. Citizenship and Immigration Services, )
24000 Avila Road )
Laguna Niguel, CA 92677 )
)
UNITED STATES CITIZENSHIP AND )
IMMIGRATION SERVICES )
c/o Office of the General Counsel )
2545 Murray Lane, SW, Mail Stop 0485 )
Washington, DC 20528-0485; )
)
L. Francis CISSNA, in his Official Capacity, )
Director, U.S. Citizenship and Immigration )
Services, U.S. Department of Homeland Security )
c/o Office of the General Counsel )
2545 Murray Lane, SW, Mail Stop 0485 )
Washington, DC 20528-0485; and )
)
Kirstjen NIELSEN, in her Official Capacity, )
Secretary, U.S. Department of Homeland )
Security )
425 I Street )
Washington, D.C. 20536 )

*Defendants.*

## **INTRODUCTION**

1. This action seeks declaratory relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §702, against Kathy A. Baran, Director of the California Service Center of U.S. Citizenship and Immigration Services ("USCIS"); USCIS; L. Francis CISSNA, Director of USCIS; and Kirstjen Nielsen, Secretary of the U.S. Department of Homeland Security (DHS) (collectively the "Government") based on the Government's improper denial of Form I-129, Petition for a Nonimmigrant Worker, filed by AFFILIATED ENGINEERS METRO DC, INC. ("AEI" herein) on behalf of Ms. Angie Rocio Tejada Gaspar ("Ms. Tejada Gaspar" or the "Beneficiary"), whom AEI sought to employ in the position of Engineer I in an H-1B nonimmigrant classification.

2. Plaintiff AEI is a mechanical, electrical, and piping engineering design firm providing innovative solutions for complex and large-scale engineering projects. As a professional engineering firm, AEI will typically contract with an architect and together they will design a building for a client who has commissioned the design. Once the design is completed, the client will take the drawing and specifications prepared by the design team and put them out to bid.

3. Ms. Angie Rocio Tejada Gaspar is a citizen of Peru in a nonimmigrant F-1 (student) classification who has been employed as an Engineer I by AEI since September 2017 pursuant to valid F-1 Post-Completion Optional Practical Training.

4. In April 2018 AEI filed a Form I-129, Petition for a Nonimmigrant Worker, and supporting documents (hereafter referred to collectively as the "2018 H-1B Petition") on behalf of Ms. Tejada Gaspar with Defendant USCIS, which included a request for a change in her status from F-1 to H-1B and for a stay from October 1, 2018 through September 18, 2021 in the U.S. in H-1B status,

5. Ms. Tejada Gaspar's only option for employment with AEI after the expiration of her F-1 student status and valid F-1 Post-Completion Optional Practical Training is an H-1B classification.

6. Despite evidence of record that Plaintiff AEI's Engineer I job is a specialty occupation, that the Beneficiary, Ms. Tejada Gaspar, will perform services in a specialty occupation, and that she is

qualified to perform the duties of the proffered position, USCIS improperly denied the 2018 H-1B Petition on the following bases:

(A) Erroneous interpretation of the Immigration and Nationality Act ("INA") and its implementing regulations;

(B) Erroneous reliance on the Department of Labor's (DOL) Occupational Employment Statistics (OES)/Standard Occupational Code (SOC) grouping of job categories and misapplication of its Occupational Outlook Handbook (OOH) section relating to Mechanical Engineers to limit the types of bachelor's degrees that would qualify an individual to perform the duties of a Mechanical Engineer;

(C) By ignoring evidence submitted by Plaintiff AEI, including but not limited to the following:

(1) AEI's requirement that an individual must have a Bachelor's degree, or its equivalent, in Engineering, including Architectural Engineering, Mechanical Engineering, or a related field, in order to be hired by AEI for an Engineer I position;

(2) AEI's identification of the specific academic courses completed by the Beneficiary as part of her Bachelor's and Master's degree programs in Architectural Engineering that provided her with the specialized and complex knowledge necessary to perform Engineer I duties;

(3) An expert opinion letter from Ismail Fidan, Ph.D., Professor in the Department of Manufacturing and Engineering Technology at Tennessee Tech University, confirming that a Bachelor's degree program in Architectural Engineering, or a related area, or the equivalent provides a student with specialized knowledge that directly prepares the graduate for the tasks of the AEI's Engineer I position and that the Engineer I's duties are typical of a Mechanical Engineer and clearly correspond to the duties listed under the Mechanical Engineer category in the OOH;

(4) That AEI would engage Ms. Tejada Gaspar to work within the United States and would have an employer-employee relationship with respect to her; and

(5) That Ms. Tejada Gaspar would work in-house at AEI's office and not off-site at third-party worksites, as alleged by USCIS.

(D) USCIS received a factually similar H-1B petition on the same day (April 12, 2018) from Plaintiff under Receipt Number WAC1814250774 for an individual applying for the same position as Ms. Tejada Gaspar (Engineer I), holding the same degrees in Architectural Engineering as Ms. Tejada Gaspar. USCIS approved this petition on August 8, 2018.

## JURISDICTION

7. This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq* and the Administrative Procedure Act, 5 U.S.C. §701 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§2201-02. There exists between the parties an actual and justiciable controversy in which the Plaintiff seeks declaratory relief to protect its legal rights. The United States has waived its sovereign immunity under 5 U.S.C. §702.

## VENUE

8. Venue in this judicial district is proper under 28 U.S.C. §1391(e) because this is a civil action in which the Defendants are agencies of the United States and officers of the United States acting in their official capacity, respectively, the Plaintiff resides in this District, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9. Although 8 C.F.R. §214.2(h)(10)(ii) provides that denial of a petition for classification under section 101(a)(15)(H) of the Immigration and Nationality Act may be appealed to the Administrative Appeals Office under 8 C.F.R., part 103, neither the Immigration and Nationality Act nor the governing regulations provide that such an appeal is a prerequisite for judicial review. Accordingly, taking such an appeal is not a prerequisite to Plaintiff's action for review under section 10b of the Administrative Procedures Act, *Darby v. Cisneros*, 113 S.Ct. 2539, 2542-45, 125 L. Ed. 2d 113, 61 U.S. L.W. 4679(1993); see also, *Karen Yuen Fong Young v. Reno*, 114 F.3d 879 (CA9 1997).

4

## PARTIES

10. Plaintiff AEI is a mechanical, electrical, and piping engineering design firm providing innovative solutions for complex and large-scale engineering projects. The company was incorporated in the State of Maryland in December 2001, and its principal office is located in Rockville, Maryland. AEI employs approximately 47 employees and had a gross annual revenue of almost $11 million for the most recent tax year.

11. Defendant Kathy A. Baran is the Director of the California Service Center and is sued in her official capacity. She leads the specific office within USCIS that adjudicated Plaintiff AEI's 2018 H-1B Petition.

12. Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. §271, and an "agency" within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. §551(1). USCIS is responsible for the adjudication of immigration benefits, including nonimmigrant visa petitions, and it denied the Plaintiff AEI's 2018 H-1B Petition on behalf of Ms. Angie Rocio Tejada Gaspar on October 19, 2018.

13. Defendant L. Francis Cissna is the Director of USCIS. In this role, he oversees the adjudication of immigration benefits and establishes and implements governing policies. He has ultimate responsibility for the adjudication of Plaintiff AEI's Petition and is sued in his official capacity.

14. Defendant Kirstjen Nielsen is the Secretary of DHS and is sued in her official capacity.

## LEGAL BACKGROUND

*H-1B Visa Program and Petition Process*

15. Section 101(a)(15)(H)(i)(b) of the INA provides for the admission into the United States of temporary workers sought by petitioning U.S. employers to perform services in a specialty occupation. 8 U.S.C. §1101(a)(15)(H)(i)(b). This nonimmigrant classification is commonly referred to as "H-1B." A "United States employer" is defined as "a person, firm, corporation, contractor, or other association, or organization in the United States which (1) Engages a person to work in the United States; (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it

## PARTIES

10. Plaintiff AEI is a mechanical, electrical, and piping engineering design firm providing innovative solutions for complex and large-scale engineering projects. The company was incorporated in the State of Maryland in December 2001, and its principal office is located in Rockville, Maryland. AEI employs approximately 47 employees and had a gross annual revenue of almost $11 million for the most recent tax year.

11. Defendant Kathy A. Baran is the Director of the California Service Center and is sued in her official capacity. She leads the specific office within USCIS that adjudicated Plaintiff AEI's 2018 H-1B Petition.

12. Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. §271, and an "agency" within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. §551(1). USCIS is responsible for the adjudication of immigration benefits, including nonimmigrant visa petitions, and it denied the Plaintiff AEI's 2018 H-1B Petition on behalf of Ms. Angie Rocio Tejada Gaspar on October 19, 2018.

13. Defendant L. Francis Cissna is the Director of USCIS. In this role, he oversees the adjudication of immigration benefits and establishes and implements governing policies. He has ultimate responsibility for the adjudication of Plaintiff AEI's Petition and is sued in his official capacity.

14. Defendant Kirstjen Nielsen is the Secretary of DHS and is sued in her official capacity.

## LEGAL BACKGROUND

*H-1B Visa Program and Petition Process*

15. Section 101(a)(15)(H)(i)(b) of the INA provides for the admission into the United States of temporary workers sought by petitioning U.S. employers to perform services in a specialty occupation. 8 U.S.C. §1101(a)(15)(H)(i)(b). This nonimmigrant classification is commonly referred to as "H-1B." A "United States employer" is defined as "a person, firm, corporation, contractor, or other association, or organization in the United States which (1) Engages a person to work in the United States; (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it

may hire, pay, fire, supervise, or otherwise control the work of any such employee; and (3) Has an Internal Revenue Service Tax identification number." 8 C.F.R. §214.2(h)(4)(ii).

16. A "specialty occupation" is one that requires the "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States."
8 U.S.C. §1184(i).

17. The H-1B classification has several prerequisites a U.S. employer must meet before filing a nonimmigrant visa petition with USCIS. One is the statutory requirement that the employer file a Labor Condition Application (LCA) for certification by the DOL. 8 U.S.C. 1182(n)(1). The employer makes certain attestations in the LCA, which are intended to ensure that the employment of an H-1B worker will not have an adverse effect on the wages and working conditions of similarly-situated U.S. workers. See U.S.C. §§1182(n)(1)(A)-(D).

18. To complete an LCA, the employer must identify the SOC code and the corresponding occupational classification for its job. This can be done by reviewing the job title, description and requirements for a foreign national's position and comparing it to the typical work duties described under each occupational category. The OES/SOC database is only comprised of approximately 800 job titles. Prior to implementation of the OES/SOC codes, the Dictionary of Occupational Titles consisted of more than 12,000 job listings. As a result of the reduced number of occupational categories, employers must sometimes choose OES/SOC categories that are more general than the actual offered position.

19. To provide data to DOL that it will pay the higher of the prevailing or actual wage (the required wage) for its job, the employer may elect to use a wage obtained from an independent authoritative source. 20 C.F.R. §655.731(a)(2).

20. When the U.S. employer files the H-1B nonimmigrant visa petition on the foreign national's behalf with USCIS, the employer must include a DOL-certified LCA.

***H-1B Requirements***

21. For an H-1B classification, USCIS determines whether the petitioning employer's job qualifies as a specialty occupation and whether the foreign national on whose behalf the petition was filed, known as the Beneficiary, is qualified to perform the job duties required by the specialty occupation.

*See* 8 C.F.R. §214.2(h)(4)(i)(A)(1), and (h)(4)(iii)(B)(3).

22. The agency regulation provides:

(A) Standards for a specialty occupation position. To qualify as a "specialty occupation" the position must meet one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations, or in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties is so specialized and complex that the knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. §214.2(h)(4)(iii)(A).

23. In assessing whether a position meets the first criterion, i.e., that a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position, USCIS adjudicators routinely consult the Occupational Outlook Handbook (OOH). The OOH is a Bureau of Labor Statistics (BLS), U.S. Department of Labor reference manual, updated every two years, which provides profiles of hundreds of occupations. The occupational profiles describe, among other details, the typical education and training needed to enter an occupation. However, a Disclaimer on the website of the OOH provides that "[T]he OOH provides a general, composite description of jobs and cannot be expected to reflect work situations in specific establishments or localities. The OOH, therefore, is not

intended to, and should never, be used for any legal purpose . . ." *See* https://www.bls.gov/ooh/about/disclaimer.htm.

24. Neither the OOH nor the OES/SOC contain a category or code for Architectural Engineers.

25. 8 C.F.R. §214.2(h)(2)(i)(B) relating to the filing of petitions, including H-1B petitions, provides as follows: "(B) *Service or training in more than one location.* A petition which requires services to be performed . . . in more than one location must include an itinerary with the dates and locations of the services . . . and must be filed with the Service office which has jurisdiction over I-129H Petitions in the area where the petitioner is located." The USCIS regulations relating to H-1B's do not require that an itinerary be filed if services will be performed in only one location, such as the petitioner's premises, nor do they require documentary proof of specific and non-speculative qualifying assignments in a specialty occupation for the Beneficiary for the entire time requested on the H-1B petition.

26. To qualify to perform services in a specialty occupation, the Beneficiary must meet one of the following criteria:

> (1) Hold a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;
>
> (2) Hold a foreign degree determined to be equivalent to a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;
>
> (3) Hold an unrestricted State license, registration or certification which authorizes him or her to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment; or
>
> (4) Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate or higher degree in the specialty occupation, and have recognition of expertise in the specialty through progressively responsible positions directly related to the specialty.

8 C.F.R. 214.2(h)(4)(iii)(C).

## FACTUAL ALLEGATIONS

27. Ms. Tejada Gaspar first began working in the United States in September 2017 when she began her employment with Plaintiff AEI as an Engineer I pursuant to her valid F-1 Post-Completion Optional Practical Training and an Employment Authorization Card valid from August 10, 2017 to July 6, 2018 (USCIS #114-682-056, Card #YSC1790240182). AEI's 2018 H-1B Petition on behalf of Ms. Tejada Gaspar was delivered to USCIS on April 2, 2018, and USCIS thereafter issued a Receipt Notice (Receipt Number WAC1814653092) for the 2018 H-1B Petition with a Received Date of April 12, 2018 and a Notice Date of April 19, 2018.

28. AEI's 2018 H-1B filing included an LCA certified by DOL. For the Engineer I position on the LCA, AEI identified SOC Code 17-2141, which is the occupational classification for Mechanical Engineers, which given the limited SOC code options was the best available match for the job duties and requirements of an Architectural Engineer.

29. AEI's I-129 stated that the address where the Beneficiary would work was AEI's office at 401 N. Washington Street, Ste. 400, Rockville, Maryland 20850 (*see* Part 5. #3), and the Petitioner responded "No" to the question "Will the Beneficiary(ies) work for you off-site at another company or organization's location?" (*See* Part 5, #5.) On the Form I-129, H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplement, in Section 4 entitled "Off-Site Assignment of H-1B Beneficiaries," Petitioner responded "No" to the following statement: "1. The Beneficiary of this petition will be assigned to work at an off-site location for all or part of the period for which H-1B classification is sought."

30. AEI's 2018 H-1B Petition also included the Petitioner's signed "Statement of Support" seeking to employ Ms. Tejada Gaspar in an H-1B classification in the specialty occupation of Engineer I based in Rockville, Maryland, enumerating the duties of the Engineer I position, and including a statement that:

> The proper performance of the professional duties of Engineer I for petitioner requires an individual possessing a Bachelor's Degree, or its equivalent, in

9

Engineering, including Architectural Engineering, Mechanical Engineering, or a related field.

31. On May 31, 2018, USCIS issued a Request for Evidence ("RFE") alleging the following:

(A) That the 1-129 Petition was deficient in that it did not establish that it was supported by an ETA Form 9035E, Labor Condition Application (LCA), that corresponded with the proffered position described in the Petition because it did not contain a copy of the Dietrich Fall 2017 Engineering Salary Survey and other documents that the Petitioner relied upon to determine the prevailing wage;

(B) That although USCIS acknowledged that "You [AEI] indicated the Beneficiary will work at your own location," USCIS erroneously sought information relevant only to third-party placement employment agencies, such as "A copy of relevant portions of valid contracts, statements of work, work orders, service agreements, and letters between you and the authorized officials of the ultimate end-client companies to whom the end product or services worked on by the Beneficiary will be delivered," and requiring the Petitioner to demonstrate that it has "sufficient specialty occupation work that is immediately available at your location through the entire requested H-1B validity period;"

(C) That in determining whether a Beneficiary is qualified to perform services in a specialty occupation by at least one of the four criteria in 8 C.F.R. §214.2(h)(4)(iii)(C), the RFE stated:

USCIS interprets the term degree to mean not just any degree, but a degree in a field of study that is related to the position. Accordingly, you must show that the Beneficiary has obtained a bachelor's or higher degree or its equivalent that is required by the specialty occupation.
...
It appears that the Beneficiary will perform the duties of a mechanical engineer. You provided a certified Labor Condition Application (LCA) for a mechanical engineer. The Occupational Outlook Handbook indicates that many mechanical engineers have bachelor's degrees in mechanical engineering fields. The

10

>Beneficiary has a U.S. degree in architectural engineering. Accordingly, it appears that the Beneficiary's U.S. degree is not required by the position.

Consequently, USCIS determined that the Beneficiary did not fulfill the criterion in 8 C.F.R. §214.2(h)(4)(iii)(C)(1) because she does not "Hold a United States bachelor's or higher degree required by the specialty occupation from an accredited college of university." USCIS stated that the Petitioner could submit additional evidence to prove that the Beneficiary met at least one of the four criteria in 8 C.F.R. §214.2(h)(4)(iii)(C)(1)-(4).

32. The RFE also requested "a more detailed job description of the work to be performed by the Beneficiary for the entire requested period of validity," including "specific job duties, the percentage of time to be spent on each duty, level of responsibility, hours per week of work, and the minimum education, training and experience necessary to do the job" and an explanation of "why the work to be performed requires the services of a person who has a college degree or its equivalent in the occupational field."

33. Plaintiff AEI timely responded to the RFE. Its response included but was not limited to copies of the following: the 180-page Dietrich Fall 2017 Engineering Salary Survey; a letter from Ms. Laurel Bowar, Risk Management Analyst and Corporate Immigration Manager for AEI, and a detailed description of Ms. Tejada Gaspar's prospective duties in the position of Engineer I with percentages of time to be spent on each duty and a four-page, single-space list of the titles and numbers of the academic courses completed by the Beneficiary as part of her Bachelor's and Master's Degree programs that qualify her to fulfill those duties; an expert opinion letter from Dr. Ismail Fidan, Professor in the Department of Manufacturing and Engineering Technology and College of Engineering-Faculty Fellow in Innovation and Techno-Entrepreneurship at Tennessee Tech University, and his 29-page curriculum vitae, confirming his qualifications in the field of engineering and experience as an evaluator of academic credentials; duplicates of AEI's Statement of Support and Ms. Tejada Gaspar's Bachelor and Master's degree diplomas and transcripts submitted with AEI's 2018 H-1B Petition; AEI's letter to Ms. Tejada Gaspar offering her regular, full-time employment; AEI's client list and mechanical engineering staff

assignments; examples of project proposals and valid service agreements between AEI and its clients for the provision of services related to engineering design projects; Ms. Tejada Gaspar's time sheet showing her work assignments for the month of July 2018; AEI's firm profile providing an overview of its services and history and a representative client list; and the newly executed lease for AEI's office located at 12300 Twinbrook Parkway, Suite 600, Rockville, Maryland 20852, where Ms. Tejada Gaspar would perform her work (and which is in the same Metropolitan Statistical Area (MSA) as AEI's office address on its I-129 petition and LCA).

34. AEI's RFE response noted that AEI is NOT a consulting company that places its employees at client locations (third-party worksites) and that while it is typical for USCIS to request service contracts with consulting companies whose employees work at third-party worksites, USCIS does not require petitioners to demonstrate that they have sufficient specialty occupation work through the entire H-1B validity period for H-1B beneficiaries employed at the petitioner's worksite. Ms. Bowar confirmed in her letter that Ms. Tejada Gaspar's proposed employment with AEI would be "in-house" at AEI's office in Rockville, Maryland and that AEI currently has over 60 active projects. While AEI was not required by the INA or H-1B regulations to demonstrate that there was specialty occupation work for the Beneficiary at AEI's office for the entire time requested on the H-1B petition, AEI's RFE response included a list of its active projects and mechanical engineering staff assignments from October 2017 through July 2018 and examples of project proposals and valid service agreements between AEI and its clients for the provision of services related to engineering design projects.

35. In Dr. Ismail Fidan's expert opinion letter, he opined that AEI's Engineer I position qualifies as a USCIS Specialty Occupation based on three criteria enumerated in 8 C.F.R. §214.2(h)(4)(iii)(A)(1), (2), and (4): (1) a Bachelor's Degree in Architectural Engineering, or a related area, or the equivalent is normally the minimum requirement for a position with the duties of AEI's Engineer I position; (2) the industry standard for a position such as Engineer I for AEI is to be filled with a college graduate with the minimum of a Bachelor's Degree in Architectural Engineering, or a related area, or the equivalent; and (3) the nature of the specific responsibilities of the Engineer I position for

AEI is so specialized and complex that the knowledge required to perform these duties is usually associated with the attachment of a Bachelor's Degree in Architectural Engineering, or a related area, or the equivalent, thereby qualifying AEI's Engineer I position as a "specialty occupation." In addition, AEI's requirement of a "Bachelor's degree in Mechanical Engineering, Architectural Engineering, or a related field," which was included in Ms. Bowar's letter, satisfies the criterion in 8 C.F.R. §214.2(h)(4)(iii)(A)(3), for a position to qualify as a specialty occupation.

36. Based on Dr. Fidan's review of the duties of the Engineer I position and Ms. Tejada Gaspar's diplomas and transcripts, he also opined that she is qualified for AEI's Engineer I position because the knowledge she attained in earning Bachelor of Architectural Engineering and Master of Architectural Engineering degrees from Pennsylvania State University, an accredited institute of higher education in the U.S., directly corresponds to, and is a necessary requirement for, the specific duties of the Engineer I position.

***USCIS Denial of the 2018 H-1B Petition***

37. On October 19, 2018, USCIS denied AEI's 2018 H-1B Petition on behalf of Ms. Tejada Gaspar.

38. The first issue addressed by the Decision denying AEI's 2018 H-1B Petition is whether the position offered to the Beneficiary qualifies as a specialty occupation and whether the Beneficiary will perform services in a specialty occupation for the requested period of intended employment. In its discussion of this issue, USCIS does not acknowledge receipt of, much less discuss, the expert opinion letter of Dr. Ismail Fidan, who reviewed the duties of AEI's Engineer I position and concluded that AEI's Engineer I position qualified as a specialty occupation and that a Bachelor's degree in Architectural Engineering, or a related area, or the equivalent is normally the minimum requirement for a position with the duties of AEI's Engineer I position and the industry standard for a position such as Engineer I for AEI and that the nature of the specific responsibilities of the Engineer I position for AEI is so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a Bachelor's Degree in Architectural Engineering, or a related area, or the equivalent. USCIS also

disregarded AEI's requirement of a Bachelor's degree in Mechanical Engineering, Architectural Engineering, or a related field to establish its Engineer I position as a specialty occupation.

39. In addition, by concluding that the position offered to the Beneficiary does not qualify as a specialty occupation and that the Beneficiary will not perform services in a specialty occupation, USCIS disregarded contrary evidence in the record provided by the Petitioner and relied on a set of facts for which there is no basis whatsoever in the record. Specifically, USCIS clearly ignored AEI's unambiguous evidence and erroneously concluded that AEI would not be providing duties to the Beneficiary, that AEI is in the business of locating persons with engineering related backgrounds and placing these individuals in positions with firms that use engineering trained personnel to complete their projects, that AEI negotiates contracts with various firms that pay a fee to AEI for each worker hired to complete their projects and AEI then pays the worker, but that the firm needing the engineering related positions determines the job duties to be performed. Consequently, USCIS erroneously determined that AEI is merely a "'token employer' while the entity for which the services are to be performed is the 'more relevant employer'". Based on these fallacious findings, for which there is no evidence in the record, USCIS denied AEI's H-1B Petition in part because it claimed that AEI did not provide contracts from officials of the ultimate client companies where USCIS incorrectly asserted the Beneficiary would work, i.e. third-party worksites, and that AEI did not demonstrate that it had specific and non-speculative qualifying assignments in a specialty occupation for the Beneficiary for the entire time requested in the petition, pursuant to USCIS Policy Memorandum (PM-602-0157) on "Contracts and Itineraries Requirements for H-1B Petitions Involving Third-Party Worksites."

40. In spite of the fact that there is no evidence whatsoever in the record that the Beneficiary would work at third-party worksites, USCIS disregarded AEI's multiple representations that the Beneficiary would work "in-house" at AEI's office and contradicted itself by also stating in its Decision that "the Beneficiary will work on your in-house projects."

41. On the second issue forming the basis for its Decision denying AEI's 2018 H-1B Petition, USCIS erroneously determined that the Beneficiary was not qualified to perform services in a

specialty occupation. Specifically, based on its erroneous reliance on, and narrow interpretation of the OES/SOC category used for wage and working conditions and the Mechanical Engineers section of the OOH, USCIS determined that the Beneficiary did not hold a United States bachelor's or higher degree required by the specialty occupation from an accredited college or university, because she holds Bachelor of Architectural Engineering and Master of Architectural Engineering degrees "that are not required by the position" and thus are not equivalent to a bachelor's or higher degree in a mechanical engineering field." On this basis USCIS determined that the Beneficiary did not meet the criterion in 8 C.F.R. §214.2(h)(4)(iii)(C)(1) to qualify to perform services in a specialty occupation, and AEI did not present evidence that the Beneficiary met one of the alternative criteria in 8 C.F.R. §214.2(h)(4)(iii)(C)(2), (3), or (4). Therefore, USCIS denied AEI's H-1B petition. This conclusion is contrary to the expert opinion of Dr. Ismail Fidan enclosed with the RFE response that the Beneficiary holds a United States baccalaureate or higher degree required by the specialty occupation from an accredited college of university, thereby meeting 8 C.F.R. §214.2(h)(4)(iii)(C)(1).

42. Prior to issuing its denial of AEI's 2018 H-1B petition, USCIS approved an H-1B petition for the same position as in this case for a different foreign national employee with the same degrees in Architectural Engineering as the Beneficiary (WAC1814250774).

## COUNT ONE
**Violation of the Administrative Procedure Act**
**5   U.S.C.  §701,** *et seq.*

43. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above.

44. A reviewing court shall "hold unlawful and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2).

45. Defendants arbitrarily and capriciously denied AEI's 2018 H-1B Petition on the grounds that AEI's Engineer I position was not a specialty occupation; that Ms. Tejada Gaspar would not be providing services in a specialty occupation because she would be working at third-party worksites and AEI had not provided evidence of specific and non-speculative qualifying assignments in

a specialty occupation for the Beneficiary for the entire time requested on the petition; and that the Beneficiary is not qualified to perform the duties of the Engineer I position because her Bachelor of Architectural Engineering and Master of Architectural Engineering degrees from Pennsylvania State University do not constitute a "United States bachelor's or higher degree required by the specialty occupation from an accredited college or university" under 8 C.F.R. §214.2(h)(4)(iii)(C)(1), and she does not meet the other criteria in 8 C.F.R. §214.2(h)(4)(iii)(C)(2) – (4) to qualify to perform services in a specialty occupation.

46. Plaintiff AEI submitted substantial and credible evidence confirming that its Engineer I position satisfied all four alternative regulatory criteria demonstrating that it qualified as a specialty occupation under 8 C.F.R. §214.2(h)(4)(iii)(A)(1) - (4); that the Beneficiary would be working at AEI's office providing engineering services to AEI in a specialty occupation and not at third-party worksites; that AEI is a "United States employer" as defined in 8 C.F.R. §214.2(h)(4)(ii) and that AEI would have an employer-employee relationship with Beneficiary in that it would hire, pay, fire, supervise, or otherwise control her work; and that the Beneficiary was qualified to perform engineering services in a specialty occupation by satisfying 8 C.F.R. §214.2(h)(4)(iii)(C)(1).

47. Defendants failed to properly review and consider all evidence submitted by AEI. Furthermore, USCIS relied on the Mechanical Engineer section of the *Occupational Outlook Handbook*, which has no basis in the INA or H-1B regulations, and which the DOL expressly states "is not intended to, and should never, be used for any legal purpose," to erroneously conclude that Plaintiff AEI's Engineer I position did not qualify as a specialty occupation as defined in under 8 C.F.R. §214.2(h)(4)(iii)(A)(1)-(4), and that the Beneficiary did not qualify for the specialty occupation under 8 C.F.R. §214.2(h)(4)(iii)(C)(1) because her Bachelor of Architectural Engineering and Master of Architectural Engineering degrees are not in "mechanical engineering fields" and therefore "are not required by the Engineer I position." In *Raj and Co. v. USCIS*, 85 F. Supp. 3d 1241 (2015), the court notes the fallacy in the USCIS interpretation of the OOH provided in the instant case, that "Defendant's approach impermissibly narrows the plain language of the statute. The first regulatory criterion does not

restrict qualifying occupations to those for which there exists a single, specifically tailored and titled degree program."

48. Defendants also erred in concluding that the Beneficiary would be placed at third-party worksites, in spite of a total lack of evidence for this allegation and evidence to the contrary submitted by Plaintiff AEI. On the basis of this erroneous conclusion, Defendants erred in requiring AEI to present evidence of agreements with "ultimate client companies where the Beneficiary will work."

49. Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the APA by denying AEI's 2018 H-1B Petition on behalf of Ms. Tejada Gaspar.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff AEI requests that this Court:

1. Declare that Defendants' determination that evidence submitted by Plaintiff AEI in its 2018 H-1B Petition was insufficient to establish that the Engineer I position is a specialty occupation was arbitrary and capricious, and not in accordance with law, in violation of the APA. 5 U.S.C. §706(2)(A);

2. Declare that Defendants' determination that evidence submitted by Plaintiff AEI in its 2018 H-1B Petition was insufficient to establish that Ms. Tejada Gaspar was qualified to perform services in a specialty occupation by satisfying 8 C.F.R. §214.2(h)(4)(iii)(C)(1) was arbitrary and capricious in violation of the APA. 5 U.S.C. §706(2)(A);

3. Declare that Defendants' determination that Ms. Tejada Gaspar would work at third-party worksites, that Plaintiff AEI would not be the entity providing duties to her but instead that firms at third-party worksites would determine the job duties to be performed, and therefore that AEI was obligated to provide proof of specific and non-speculative assignments in a specialty occupation for the Beneficiary for the entire time requested on the petition to establish that the Beneficiary will perform services in a specialty occupation, was arbitrary and capricious in violation of the APA. 5 U.S.C. §706(2)(A);

4. Vacate the denial of the 2018 H-1B Petition and remand this matter to Defendants with instructions to re-adjudicate and approve the Form I-129, Petition for Nonimmigrant Worker, filed by

Plaintiff AEI on behalf of Ms. Tejada Gaspar, and approve her change in status to H-1B until and including September 18, 2021, within ten days of the date of the Court's Order;

5. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), 5 U.S.C. §504, or any other applicable law; and

6. Grant such other relief as the Court deems just, equitable and proper.

Dated: January 11, 2019

Respectfully submitted,

///s/// Dree K. Collopy

Dree K. Collopy, Esq.
DC Bar No.: 985545
Benach Collopy LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
Phone: 202-644-8600
Fax: 202-644-8615
Email: dcollopy@benachcollopy.com
Attorney for Plaintiff